1   Michael K. Brown (State Bar No. 104252)
    Ginger Heyman Pigott (State Bar No. 162908)
2   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
3   Los Angeles, CA 90071
    Telephone: 213.457.8000
4   Facsimile: 213.457.8080

5   OF COUNSEL
    Murray S. Levin
6   Anthony C. H. Vale
    PEPPER HAMILTON LLP
7   3000 Two Logan Square
    18th & Arch Streets
8   Philadelphia, PA 19103-2799
    Telephone: 215 981 4000
9   Facsimile: 215 981 4750

10  Attorneys for Defendant
    Medtronic, Inc.

11

                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

C 07 3989

EMC

13  FRED MATHENY,                          No.

14              Plaintiff,                 [Removal from Superior Court of
                                           California, San Francisco County
15          vs.                            Superior Court Case No. CGC-07-
                                           465259]
16  REGENERATION
    TECHNOLOGIES, INC.;                    **NOTICE OF REMOVAL OF**
17  MEDTRONIC, INC., FIRST DOE             **ACTION PURSUANT TO 28 U.S.C.**
    through FORTIETH DOE, and each         **§ 1441(a) AND § 1446**
18  of them,
                Defendants.
19

20

21

22

23

24

25

26

27

28

Notice Of Removal Of Action Pursuant To 28 U.S.C. § 1441(a) And § 1446

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES:

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Medtronic, Inc. ("Medtronic") hereby removes this action, with reservation of all defenses, from the Superior Court for the State of California, San Francisco County, Civic Center Courthouse, to the United States District Court for the Northern District of California. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and is an action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different state and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Medtronic provides the following grounds for removal:

A.    BACKGROUND

1.    Plaintiff Fred Matheny filed this lawsuit on July 18, 2007 in the Superior Court for the State of California, San Francisco County, Civil Center Courthouse, being designated No. CGC-07465259 ("the "State Court Action"). A copy of the Complaint in the State Court Action is attached hereto as Exhibit "A."

2.    Plaintiff Fred Matheny alleges that on or about August 12, 2005, he underwent a surgical operation in which he received allograft tissue and/or bone materials collected, processed and/or distributed by defendants. *See* Compl. ¶ 10.

3.    As this Court may know, Medtronic is involved in litigation related to an alleged scheme of Biomedical Tissue Services, Ltd. to illegally obtain

- 1 -

1   and distribute human tissue for transplantation in surgical operations without

2   consent of the donors or donor families.

3

4        4.    4.    This case is one of at least 546 essentially identical

5   actions, some of which are putative class actions, pending in state and federal courts

6   throughout twenty-three different states. These actions, including this case, are

7   premised on the same set of alleged facts and assert the same types of alleged

8   injuries as against Medtronic and other companies and individuals involved in the

9   procurement, processing, distribution and/or supplying of human tissue for

10  transplantation in surgical operations. To date, there are 229 such cases pending in

11  Federal Court and an MDL has been established – MDL No. 1763, In Re Human

12  Tissue Products Liability Litigation, in the United States District Court, District of

13  New Jersey. This MDL is under the purview of United States District Judge

14  William J. Martini and United States Magistrate Judge Mark Falk (see, Exhibit B,

15  Transfer Order and Conditional Transfer Order 1). Most of the cases have already

16  been transferred to the MDL or are in the process. Of the 229 federal cases, at least

17  84 were removed from State Court.

18

19        5.    Plaintiff in this case specifically alleges that as a result of

20  receiving the allograft tissue in August 2005, he has suffered injuries including

21  allegedly becoming infected with Hepatitis C, lost wages, and loss of earning

22  capacity as well as emotional distress and other damages. *See* Compl. ¶¶ 11-14.

23

24        6.    Plaintiff alleges that the defendants are liable under negligence

25  and strict products liability. *See* Compl. ¶¶ 15-20.

26

27

28

- 2 -

Notice Of Removal Of Action Pursuant To 28 U.S.C. § 1441(a) And § 1446

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

7.     This Court has subject matter jurisdiction over this action and all claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

8.     Because this Court has subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(d) and 1441(a), because the United States District Court for the Northern District of California is the federal judicial district and division embracing the Superior Court for the State of California, San Francisco County, Civil Center Courthouse, where the State Court Action was originally filed.

10.     This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b), because it is filed prior to service of any defendant and thus within the thirty day requirement.

11.     Based on discussions with Defendant Regeneration Technologies, Inc.'s counsel and a review of the docket for the State Court Action Docket No. CGC-07-465259, the only other named defendant has not been served. Therefore, no parties need to consent to this Notice of Removal.[1]

12.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached as Exhibit A. There are no other process, pleadings and/or orders served upon or by Medtronic in the State Court Action.

[1] The citizenship of defendants sued under fictitious names is not included in calculating diversity for removal purposes. *See* 28 U.S.C. A. § 1441(a).

- 3 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

13. Pursuant to 28 U.S.C. § 1446(d), the Medtronic Defendants are filing this Notice of Removal with this Court, serving a copy of this Notice upon plaintiff's counsel and filing a copy in the Superior Court for the State of California, San Francisco County, Civil Center Courthouse.

B. DIVERSITY JURISDICTION – COMPLETE DIVERSITY

14. This Court has subject matter jurisdiction over this action and all claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

15. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

16. This action satisfies all requirements for federal jurisdiction under 28 U.S.C. § 1332(a).

17. This action is between citizens of different States because the Defendants and Plaintiff are citizens of different states. Plaintiff is a citizen and resident of the state of California. *See* Compl. ¶1. Defendant Regeneration Technologies, Inc. is a corporation organized under the laws of Delaware,[2] with its principal place of business in Florida. *See* Compl. ¶2. Defendant Medtronic, Inc. is a corporation organized under the laws of Minnesota with its principle place of

---

[2] Although plaintiff's Complaint incorrectly states that Regeneration Technologies, Inc. is incorporated under Florida law rather than Delaware law, this allegation raises no issue regarding diversity of the parties because the plaintiff is not a resident of either Florida or Delaware.

- 4 -

Notice Of Removal Of Action Pursuant To 28 U.S.C. § 1441(a) And § 1446

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   business in Minnesota. See Compl. ¶3. Accordingly, the requirement of complete

2   diversity is satisfied. See 28 U.S.C. § 1332(a).

3

4        18.   It is apparent from the Complaint that Plaintiff seeks an amount

5   in controversy in excess of $75,000. This is evidenced by the following:

6

7        (a)   The Complaint alleges that as a result of Defendants' conduct,

8   Plaintiff received allograft tissue that caused him to be infected with Hepatitis C

9   allegedly transmitted from the allograft tissue. See Compl. ¶¶ 10-15. Plaintiff

10  further alleges that he has sustained permanent and serious medical injuries as well

11  as "extreme physical and mental pain and distress...." Id. at ¶ 12. He also alleges

12  that he has significant medical expenses as a result of the alleged conduct and that

13  he has had a loss of income and earning capacity. Id. at ¶¶ 13-14. In addition,

14  Plaintiff demands compensatory damages, and punitive damages. See Compl. at

15  page 7 lines 6-24. Plaintiff does not seek to limit in any way the amount of

16  compensatory damages that he alleges he is entitled to receive.

17

18       (b)   In addition, this case is based on allegations similar to other

19  cases removed to and filed originally in Federal Court and will be transferred to the

20  MDL set up to coordinate this litigation, MDL 1763, In Re: Human Tissue

21  Products Liability Litigation (D.N.J.). As stated above, these actions all concern

22  allegations that allograft tissue was not properly screened for infectious diseases

23  and as a result plaintiffs have tested positive for or are at risk of developing an

24  infectious disease. Plaintiff has alleged that processors, who received BTS-

25  supplied tissue and distributors of the allografts, including Medtronic, are also

26  liable.

27

28

- 5 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    (c)    Other federal courts have found that the amount in controversy
2    is satisfied as exceeding $75,000 in cases alleging similar types of damages, but
3    where no monetary amount is pled. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171
4    F.3d 295, 298 (5th Cir. 1999) (finding it "facially apparent" that plaintiff's claim
5    exceeded $75,000 where plaintiff alleged property damage, travel expenses, an
6    emergency ambulance trip, a six-day stay in the hospital, pain and suffering,
7    humiliation, and temporary inability to do housework after her hospitalization);
8    *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (finding it "facially
9    apparent" that plaintiff's wrongful termination claim exceeded $75,000 based on
10   claims for loss of pay, fringe benefits, impaired earning capacity, harm to credit,
11   emotional distress, attorney fees, punitive damages, etc.).  The district court in
12   White concluded that the compensatory damages alone "in all likelihood" exceeded
13   $75,000. *White*, 319 F.3d at 675. Here, Plaintiff has alleged injury due to the
14   surgical implant and alleged possible contamination of bone graft material. He has
15   alleged that his Hepatitis C is directly related to the implantation of allograft tissue.
16   Therefore, Plaintiff's allegation of hospital and medical expenses, general damage,
17   and economic loss stemming from this implantation makes it facially apparent that
18   the Complaint seeks damages in excess of $75,000. Based on Plaintiff's allegation
19   and the damages sought, the amount in controversy exceeds $75,000, exclusive of
20   interest and costs. Accordingly, the amount in controversy requirement is satisfied.
21   *See* 28 U.S.C. § 1332(a).

22

23   19.    Because 28 U.S.C. § 1332(a) confers federal subject matter
24   jurisdiction over this action, removal of this action to this Court is proper pursuant
25   to 28 U.S.C. § 1441.

26

27

28

- 6 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1            WHEREFORE, for the reasons set forth above, defendants Medtronic,

2    Inc. requests that this Court assume full jurisdiction over this action as provided by

3    law.

4

5            Dated: August 2, 2007.        REED SMITH LLP

6                                         By

7                                         Michael Brown

8                                         Ginger Heyman Pigott

                                     Attorneys for Defendant

9                                         Medtronic, Inc.

10                                         OF COUNSEL

11                                         PEPPER HAMILTON LLP

                                     Murray S. Levin

12                                         Anthony C. H. Vale

13

14

15

16    DOCSLA-15599788.1

17

18

19

20

21

22

23

24

25

26

27

28                                         - 7 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT "A"

7/20/07 3:29 PM

ALLAN H. LERCH - SBN 50993
ALLAN LERCH & ASSOCIATES
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Telephone:    (415) 397-5757
Facsimile:    (415) 421-6257

Attorneys for Plaintiff

**F I L E D**

San Francisco County Superior Court

JUL 1 8 2007

GOHUON PAHK-LI, Clerk

BY: _Deborah Steppe_
DEBORAH STEPPE, Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

DEC 2 1 2007 -9⁰⁰ AM

DEPARTMENT 212

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN FRANCISCO

FRED MATHENY,

        Plaintiff,

v.

REGENERATION TECHNOLOGIES,
INC.; MEDTRONIC, INC.; FIRST DOE
through FORTIETH DOE, and each of
them,

        Defendants.

CASE NO. **CGC-07-465259**

**COMPLAINT FOR DAMAGES**

Case Filed:
Trial Date:

        COMES NOW plaintiff FRED MATHENY who complains against defendants REGENERATION TECHNOLOGIES, INC., MEDTRONIC, INC., FIRST DOE through FORTIETH DOE, and each of them, and alleges as follows:

### GENERAL ALLEGATIONS

#### 1.

        Plaintiff FRED MATHENY is, and at all times herein relevant was, a resident of Siskiyou County, California.

////

////

////

1

COMPLAINT FOR DAMAGES
L:\Wpdata\FILES\Matheny\Pleadings\Complaint.wpd

**2.**

Defendant REGENERATION TECHNOLOGIES, INC., is, and at all times herein relevant was, a business entity, believed to be a corporation, doing business in the State of California, with its principal place of business in Alachua, Florida.

**3.**

Defendant MEDTRONIC, INC., is, and at all times herein relevant was, a business entity, believed to be a corporation, doing business in the State of California, with its principal place of business in Minneapolis, Minnesota.

**4.**

Plaintiff is ignorant of the true names and capacities of defendants sued herein as FIRST DOE through FORTIETH DOE, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of said defendants is legally responsible in some manner for the events and happenings herein referred to and for causing the injuries and damages herein complained of.

**5.**

Defendant REGENERATION TECHNOLOGIES, INC., was engaged in the business of gathering, collecting, manufacturing, screening, processing, compounding, packaging, testing, inspecting, analyzing, recommending, merchandising, advertising, promoting, and selling or otherwise furnishing for consideration to healthcare providers human tissue products to be used in various medical and surgical procedures, including the specific human tissue products comprising the allograft material hereinafter referred to as causing plaintiff's injuries and damages.

**6.**

Defendant MEDTRONIC, INC., was engaged in the business of distributing, merchandising, advertising, promoting, inspecting, screening, and selling or otherwise furnishing for consideration to healthcare providers human tissue products to be used in

**2**

1   various medical and surgical procedures, including the specific human tissue products

2   comprising the allograft material hereinafter referred to as causing plaintiff's injuries and

3   damages.

4                                          7.

5        Defendants FIRST DOE through FORTIETH DOE, and each of them, were

6   engaged in the business of gathering, collecting, manufacturing, screening, processing,

7   compounding, packaging, testing, inspecting, analyzing, recommending, merchandising,

8   advertising, promoting, and selling or otherwise furnishing for consideration to healthcare

9   providers human tissue products to be used in various medical and surgical procedures,

10  including the specific human tissue products comprising the allograft material hereinafter

11  referred to as causing plaintiff's injuries and damages.

12                                         8.

13       At all times herein mentioned, defendants, and each of them, had a duty to

14  properly screen, gather, collect, manufacture, process, compound, package, test,

15  analyze, recommend, merchandise, inspect, promote, distribute, and market the human

16  tissue products, including the specific human tissue products comprising the allograft

17  material hereinafter referred to as causing plaintiff's injuries and damages.

18                                         9.

19       At all times herein mentioned, defendants, and each of them, knew, or in the

20  exercise of reasonable diligence and care should have known, that if such human tissue

21  products, including the specific human tissue products comprising the allograft material

22  hereinafter referred to as causing plaintiff's injuries and damages, were not properly

23  gathered screened, collected, manufactured, processed, compounded, packaged, tested,

24  analyzed, recommended, merchandised, promoted, inspected, packaged, distributed, and

25  marketed, they were likely to injure persons undergoing medical or surgical procedures

26  in which such products were utilized.

27  ////

28  ////

3

**10.**

On or about August 12, 2005, plaintiff, suffering from degenerative disc disease and herniated discs, underwent a surgical procedure (anterior cervical discectomy with fusion and plating C4-C5; C5-C6; C6-C7) at the University of California Medical Center in San Francisco, California. As part of this surgical procedure, allograft material processed and distributed by defendants to plaintiff's healthcare providers was implanted into plaintiff's body and impacted into position in plaintiff's cervical spine.

**11.**

As a direct and proximate result of the implantation of the allograft material into plaitniff's cervical spine, and due to the acts, omissions, and delicts of defendants as set forth herein, plaintiff became infected with Hepatitis C transmitted through the tissue products comprising the allograft.

**12.**

As a further direct and proximate result of the acts, omissions, and delicts of defendants, and of the transmission of Hepatitis C caused thereby, plaintiff sustained serious and permanent injuries to his health, strength, and activity. Further, plaintiff suffered severe shock to his nervous system, and was caused to suffer extreme physical and mental pain and distress, all to his general damage in an amount to be proven at trial, which sums are far in excess of the jurisdictional minimum for this Court.

**13.**

As a further direct and proximate result of the acts, omissions, and delicts of defendants, and of the transmission of Hepatitis C caused thereby, plaintiff was required to and did employ physicians, surgeons, and other medical personnel and incurred expenses therefor, and incurred additional medical expenses for hospital bills and other incidental medical expenses, all to his further damage in an amount that has not yet been fully ascertained, and plaintiff will seek leave to amend the complaint to insert the true amount thereof when ascertained. Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of the defect, accident, and injuries sustained,

4

1   plaintiff will be required to incur additional medical expenses all to this further damage in
2   an amount not yet ascertained.  Plaintiff will seek leave of court to amend this complaint
3   to insert the true amount thereof when ascertained.

4                                              **14.**

5       As a further direct and proximate result of the acts, omissions, and delicts of
6   defendants, and of the transmission of Hepatitis C caused thereby, plaintiff was
7   prevented from attending his usual occupation and thereby lost earnings, all to his further
8   damage in a sum to be shown according to proof.  Plaintiff is informed and believes and
9   thereon alleges that he will be further prevented from attending to his usual occupation
10  in the future and will thereby sustain future loss of earnings all to his further damage in
11  a sum to be shown according to proof.

12                             **FIRST CAUSE OF ACTION**
                                     **(Negligence)**
13

14                                             **15.**

15      Plaintiff hereby incorporates each and every general allegation contained in
16  paragraphs 1 through 14, supra.

17                                             **16.**

18      Defendants, and each of them, so negligently and carelessly gathered, collected,
19  screened, manufactured, processed, compounded, packaged, tested, analyzed,
20  recommended, merchandised, inspected, promoted, distributed and marketed the human
21  tissue products used in plaintiff's surgical procedure as to cause said products to be
22  defective, contaminated, dangerous, and unsafe for the use and purposes for which they
23  were intended.

24      WHEREFORE, plaintiff prays judgment as set forth below.

25  ////

26  ////

27  ////

28  ////

                                               5

## SECOND CAUSE OF ACTION
### (Strict Products Liability)

**17.**

Plaintiff hereby incorporates each and every general allegation contained in paragraphs 1 through 14, supra.

**18.**

Defendants, and each of them, knew and intended that the human tissue products, including the allograft material causing plaintiff's injuries and damages, processed and distributed by them were to be used by healthcare providers in the treatment of their patients; further, defendants, and each of them, knew and intended that said products were to be purchased by healthcare providers and so used by them without inspection for defects conducted by either said healthcare providers or their patients.

**19.**

The allograft material processed and distributed by defendants and utilized in plaintiff's cervical surgery was defective in its design, manufacture, processing, screening and distribution and unsafe for its intended purpose, in that the tissue used therein was recovered from human donors who failed to meet applicable donor eligibility requirements and who were not properly screened for infectious diseases including, but not limited to, Hepatitis C.

**20.**

Plaintiff is informed and believes and thereupon alleges that defendants knew that the allograft material processed and distributed by them to plaintiff's healthcare providers was defective and dangerous in the manner herein alleged; further, defendants knew that because of said defects the material could not be safely used for the purpose for which it was intended; further, defendants, knowing said material was defective and dangerous, in conscious disregard of the safety of the public, supplied it to plaintiff's healthcare providers without warning them or the unknowing public of the defects and dangers. In

////

6

1    doing so, defendants acted with malice, oppression and fraud, and plaintiff is therefore

2    entitled to recover exemplary and punitive damages in an amount to be established

3    according to proof.

4        WHEREFORE, plaintiff prays judgment against defendants, and each of them as

5    follows:

6        On the First Cause of Action

7    1.    For general damages according to proof;

8    2.    For special damages for past, present and future medical expenses

9    according to proof;

10   3.    For special damages for loss of past, present and future earnings and

11   earning capacity according to proof;

12   4.    For other special damages according to proof;

13   5.    For costs of suit incurred herein; and

14   6.    For such other and further relief as the Court may deem just and proper.

15       On the Second Cause of Action

16   1.    For general damages according to proof;

17   2.    For special damages for past, present and future medical expenses

18   according to proof;

19   3.    For special damages for loss of past, present and future earnings and

20   earning capacity according to proof;

21   4.    For other special damages according to proof;

22   5.    For punitive and exemplary damages according to proof;

23   6.    For costs of suit incurred herein;

24   7.    For such other and further relief as the Court may deem just and proper.

25   DATED:   June 22, 2007          ALLAN LERCH & ASSOCIATES

26
                                    BY:
27                                      Allan H. Lerch
                                        Attorney for Plaintiff
28

                                    7
     COMPLAINT FOR DAMAGES
     L:\Wpdata\FILES\Matheny\Pleadings\Complaint.wpd

# EXHIBIT "B"

7/20/07 3:30 PM

**徽礼 1763**

*RELEASED FOR PUBLICATION*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 21 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1763*

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE HUMAN TISSUE PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation currently consists of five actions in the District of New Jersey and one action each in the Northern District of Ohio and the Northern District of Oklahoma, as listed on the attached Schedule A. Defendant Regeneration Technologies, Inc. (RTI) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing these seven actions in the District of New Jersey.[1] RTI's motion is supported by defendant Tutogen Medical, Inc., defendant SpinalGraft Technologies, LLC (SGT) and associated entities,[2] and plaintiffs in two District of New Jersey actions. Plaintiffs in two potential tag-along actions pending, respectively, in the District of New Jersey and the Northern District of Florida, oppose centralization; these plaintiffs alternatively support transfer to the Northern or Southern District of Florida. Plaintiff in the other Northern District of Florida potential tag-along action supports transfer to the Southern District of Florida. Plaintiffs in two potential tag-along actions in the Southern District of West Virginia and plaintiffs in a potential tag-along action in Northern District of Ohio support transfer to the Southern District of West Virginia. Additionally, plaintiffs in two Northern District of Alabama potential tag-along actions and plaintiffs in the Southern District of Ohio potential tag-along action support transfer to the district in which their respective action is pending.

---

[1] The Panel has been notified of an additional 42 actions pending in the following districts: eight actions in the Middle District of Louisiana; five actions in the District of New Jersey; three actions each in the Eastern District of New York and the Northern District of Ohio; two actions each in the Northern District of Alabama, the Northern District of Florida, the Northern District of Georgia, the Northern District of Iowa, the District of South Carolina, the Western District of Tennessee, and the Southern District of West Virginia; and one action each in the Southern District of California, the Southern District of Indiana, the Western District of Kentucky, the District of Minnesota, the Western District of New York, the Middle District of North Carolina, the Southern District of Ohio, the Eastern District of Pennsylvania, and the Eastern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] SGT is a single-member limited liability company. Its sole member is Medtronic Sofamor Danek USA, Inc., which is a wholly owned subsidiary of Medtronic Sofamor Danek, Inc., which in turn is a wholly owned subsidiary of Medtronic, Inc. These entities are named in various combinations in all but one action now before the Panel.

**OFFICIAL FILE COPY**

IMAGED JUN 2 1 2006

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these seven actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning a scheme by defendant BioMedical Tissue Services, Ltd. (BTS) to harvest tissue from human corpses without proper consent and sell the tissue to other defendants, which are tissue processing companies. Plaintiffs claim that the defendant processors processed the BTS-supplied tissue without checking or following procedures to determine the origin, nature, or suitability of the tissue for human transplantation. Moreover, some plaintiffs contend that the processor defendants engaged in flawed procedures that did not cleanse the received tissue as those defendants represented; relatedly, plaintiffs also allege that defendants distributing the tissue failed to check or follow procedures to determine the source or viability of such tissue. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiffs contend that centralization is not needed because the actions lack a common factual basis, since they necessarily involve different tissue implants, several different defendants, and likely different damages. We disagree. The alleged improprieties regarding the illegal harvesting, flawed processing and/or inappropriate distributing of human tissue forms the factual backdrop to all actions presently before the Panel. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has occurred in other actions. Also, discovery with respect to any case-specific issues can proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We conclude that the District of New Jersey is an appropriate transferee forum for this litigation. The District of New Jersey is where relevant documents and witnesses may be found, since BTS was based there, and one of the defendant tissue processors and several funeral homes from which the tissue was harvested are also located there.[1] By centralizing this litigation before Judge William J. Martini, who presides over all present actions and potential tag-along actions pending in the District of New Jersey, we are assigning this litigation to a jurist who has the experience necessary to steer this litigation on a prudent course.

---

[1] This district is the closest suggested transferee district to New York, which is the situs of ongoing criminal proceedings involving BTS's principals, Michael Mastromarino and Joseph Nicelli.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable William J. Martini for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1763 -- In re Human Tissue Products Liability Litigation

### District of New Jersey

*Gary Pieper v. Medtronic Sofamor Danek, Inc., et al.*, C.A. No. 1:06-433
*Arlene Sechtin v. Regeneration Technologies, Inc., et al.*, C.A. No. 2:06-135
*Anh Nguyen, et al. v. Medtronic Sofamor Danek, Inc., et al.*, C.A. No. 2:06-417
*Anthony J. Vitola, et al. v. BioMedical Tissue Services, Ltd., et al.*, C.A. No. 2:06-466
*Heather Augustin v. Medtronic Sofamor Danek, Inc., et al.*, C.A. No. 2:06-467

### Northern District of Ohio

*Cindy Sciuva v. SpinalGraft Technologies, LLC, et al.*, C.A. No. 1:06-216

### Northern District of Oklahoma

*Paula L. Coleman v. Medtronic, Inc., et al.*, C.A. No. 4:05-741

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 11 2006

FILED
CLERK'S OFFICE

### DOCKET NO. 1763

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE HUMAN TISSUE PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-1)

On June 21, 2006, the Panel transferred two civil actions to the United States District Court for
the District of New Jersey for coordinated or consolidated pretrial proceedings pursuant to 28
U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2006). With the consent of that court, all such
actions have been assigned to the Honorable William J. Martini.

It appears that the actions on this conditional transfer order involve questions of fact that are
common to the actions previously transferred to the District of New Jersey and assigned to Judge
Martini.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation,
199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the
District of New Jersey for the reasons stated in the order of June 21, 2006, and, with the consent
of that court, assigned to the Honorable William J. Martini.

This order does not become effective until it is filed in the Office of the Clerk of the United
States District Court for the District of New Jersey. The transmittal of this order to said Clerk
shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the
Clerk of the Panel within this 15-day period, the stay will be continued until further order of the
Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JUL 27 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

1

**PROOF OF SERVICE**

2

I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action. I am employed in the office of a member of the bar of this court at
whose direction the service was made. My business address is REED SMITH LLP, 355 South
Grand Avenue, Suite 2900, Los Angeles, CA 90071. On August 2, 2007, I served the following
document(s) by the method indicated below:

3

4

5

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(a) AND § 1446**

6

7

☐    by transmitting via facsimile on this date from fax number 213.457.8080 the document(s)
listed above to the fax number(s) set forth below. The transmission was completed
before 5:00 p.m. and was reported complete and without error. The transmission report,
which is attached to this proof of service, was properly issued by the transmitting fax
machine. Service by fax was made by agreement of the parties, confirmed in writing.

8

9

10

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at Los Angeles, California addressed as set forth below.
I am readily familiar with the firm's practice of collection and processing of
correspondence for mailing. Under that practice, it would be deposited with the U.S.
Postal Service on that same day with postage thereon fully prepaid in the ordinary course
of business. I am aware that on motion of the party served, service is presumed invalid if
the postal cancellation date or postage meter date is more than one day after the date of
deposit for mailing in this Declaration.

11

12

13

14

15

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal
delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed
proof of service by the process server or delivery service will be filed shortly.

16

17

☐    by personally delivering the document(s) listed above to the person(s) at the address(es)
set forth below.

18

19

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
express mail service for guaranteed delivery on the next business day following the date
of consignment to the address(es) set forth below. A copy of the consignment slip is
attached to this proof of service.

20

21

**SEE ATTACHED SERVICE LIST**

22

I declare under penalty of perjury under the laws of the United States that the above is true
and correct. Executed on August 2, 2007, at Los Angeles, California.

23

24

Yolanda Rodriguez

25

26

27

28

PROOF OF SERVICE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

1

## SERVICE LIST

2

3

4

5

Allan H. Lerch, Esq.
Allan Lerch & Associates
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Off: 415 397 5757
Fax: 415 421 6257

*Attorneys for Plaintiff*

*Fred Matheny*

6

7

DOCSLA-15599354.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

- 2 -